IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

JOHN JOSEPH REYES,                        }
TDCJ-CID NO. 703636,                      }
        Petitioner,                  }
v.                                        }                    CIVIL ACTION NO. G-99-0037
                                          }
NATHANIEL QUARTERMAN,                     }
        Respondent.                  }

<u>OPINION ON DISMISSAL</u>

While incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), petitioner John Joseph Reyes filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his state court felony conviction. Respondent has filed an answer to the petition seeking dismissal with prejudice (Docket Entry No.63), to which petitioner has filed a response. (Docket Entry No.64). For the reasons to follow, the Court will grant respondent's motion to dismiss and deny petitioner federal habeas relief.

I.      <u>PROCEDURAL HISTORY</u>

On August 18, 1994, petitioner was convicted of sexual assault of a child by a jury in the 56th District Court of Galveston County, Texas in cause number 93CR0357. *Reyes v. State,* No.14-94-00994-CR, Clerk's Record, page 64. Punishment was assessed at sixteen years confinement in TDCJ-CID. *Id.* Petitioner's conviction was affirmed on direct appeal. *Reyes v. State*, No.14-94-00994-CR (Tex. App.—Houston [14th Dist.] 1995, no pet.). Petitioner did not file a timely petition for discretionary review ("PDR"). On June 14, 1996, petitioner sought an out-of-time PDR via a state habeas application, which the Texas Court of Criminal Appeals granted on June 4, 1997. *Ex parte Reyes*, Application No.WR-31,570-01 (per curiam opinion). Petitioner

filed an out-of-time PDR and the Texas Court of Criminal Appeals refused the PDR on August 13, 1997.  *Reyes v. State*, PDR No.823-97.  The Texas Court later denied petitioner's Motion for Rehearing on October 8, 1997.  *See* <u>Texas Court website</u>.[1]

Petitioner did not file a petition for writ of *certiorari* with the United States Supreme Court.  Petitioner instead sought state habeas relief on July 16, 1997.  *Ex parte Reyes*, Application No.WR-31,570-07, pages 1-4.  The Texas Court of Criminal Appeals dismissed the state habeas application as an abuse of the writ pursuant to article 11.07,§4 of the Texas Code of Criminal Procedure on October 29, 1997.  *Id*. at action  taken sheet.

Petitioner filed another state habeas application on August 11, 1997.  *Ex parte Reyes*, Application No.WR-31,570-08, pages 1-4.  The Texas Court of Criminal Appeals dismissed this application pursuant to section 4 of article 11.07 on October 29, 1997.  *Id*. at action taken sheet.

Petitioner filed yet another state habeas application on December 9, 1997.  *Ex parte Reyes*, Application No.WR-31,570-09, pages 1-4.  The Texas Court of Criminal Appeals dismissed this application pursuant to section 4 of article 11.07 on February 11, 1998.  *Id*. at action taken  sheet.

On January 7, 1999,[2] petitioner filed the pending federal habeas action, in which he seeks federal habeas relief on the following grounds.

1. He was denied due process when the Texas Court of Criminal Appeals dismissed his state habeas applications;

---

[1] http://www.14thcoa.courts.state.tx.us/opinions/case.asp?FilingID=71737.

[2] Although the Clerk filed the petition on January 21, 1999, petitioner dated the pending petition on January 7, 1999. (Docket Entry No.1).  Therefore, the Court will consider the application filed as of January 7, 1999, for limitations purposes.  *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir.1998) (*pro se* habeas petition deemed filed when delivered to prison authorities for mailing).

2.  He was denied the effective assistance of counsel;[3]

3.  The evidence was insufficient to support his conviction;

4.  The Fourteenth Court of Appeals erred in not conducting a factual sufficiency review;

5.  He was subject to an illegal search of his home and an illegal seizure of blood, hair, pubic hair, and saliva samples;

6.  The state district court erred by:

    a.  Failing to hold an evidentiary hearing on a motion for new trial;

    b.  Failing to give a reasonable doubt instruction during the punishment phase of trial;

    c.  Excusing four jurors from service but not juror Jerome Bourgeois;

    d.  Failing to grant a mistrial; and,

    e.  Failing to hear and rule on various pretrial motions; and,

7.  The prosecutor engaged in misconduct because the prosecutor:

    a.  Withheld exculpatory evidence;

    b.  Gave evasive answers;

    c.  Failed to produce requested evidence;

    d.  Presented witnesses who gave perjured testimony; and,

    e.  Made closing arguments outside the record.

(Docket Entry No.1).  On June 1, 2001, almost a year after the State had filed dispositive motions in the pending action and petitioner had filed a response to such motions, petitioner moved for post-conviction DNA testing in the state district court pursuant to Chapter 64 of the

---

[3] Petitioner cites many omissions and acts that he claims constitute ineffective assistance of counsel, including claims that his trial counsel failed to seek the appointment of a medical expert to evaluate medical findings and to move to suppress DNA findings, which the State obtained as the result of an illegal search and seizure.  (Docket Entry No.1).

Texas Code of Criminal Procedure and sought the appointment of an independent DNA expert. *Reyes v. State*, No.01-02-00849-CR, Clerk's Record, pages 48-52. In a letter dated July 5, 2001, petitioner informed this Court that he had been bench warranted to the Galveston County Jail to attend an evidentiary hearing on the underlying criminal conviction in the convicting state court. (Docket Entry No.37). On July 16, 2001, the pending federal habeas action was stayed until the state district court made a determination in petitioner's case. (Docket Entry No.38). On July 15, 2002, after conducting evidentiary proceedings, the state district court entered findings that the DNA results were unfavorable to petitioner. *Reyes v. State*, No.01-02-00849-CR, Clerk's Record, pages 115-18. Petitioner informed this Court that he was appealing the findings of the state district court regarding the DNA tests and requested that the Court lift the stay. (Docket Entry No.43). This Court denied petitioner's request and ordered the action stayed pending the disposition of the state appeal. (*Id.*). Thereafter, the First Court of Appeals for the State of Texas dismissed petitioner's appeal from the convicting court's denial of the appointment of an independent DNA expert because under state law at that time, the refusal to appoint an expert was not appealable. *Reyes v. State*, No.01-02-00849-CR, 2003 WL 23096000 at *2 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd) (not designated for publication). The Texas Court of Criminal Appeals refused petitioner's PDR on July 28, 2004. *Reyes v. State*, PDR No.189-04.

During the pendency of the state appeal, petitioner filed another state habeas application on September 15, 2003, which the Texas Court of Criminal Appeals denied without written order on December 10, 2003. *Ex parte Reyes*, Application No.WR-31,570-11 at action taken sheet. He filed yet another state habeas application on December 10, 2004, which on October 26, 2005, the Texas Court of Criminal Appeals set for submission to consider whether a

4

challenge to DNA proceedings were cognizable in 11.07 proceedings.  *Ex parte Reyes*, Application No.WR-31,570-12.  On the same date, the Texas Court of Criminal Appeals, on its own motion, reconsidered petitioner's three state habeas applications filed before the pending federal petition and denied such applications without written order.  *Ex parte Reyes*, Application Nos. WR-31,570-7, WR-31,570-8, WR-31,570-9 at action taken sheets dated October 26, 2005. On December 13, 2006, the Texas Court of Criminal Appeals dismissed the Application No.WR-31,570-12.  *Ex parte Reyes*, 209 S.W.3d 126 (Tex. Crim. App. 2006).

On March 15, 2007, the United States Magistrate Judge granted Petitioner's Request for Reinstatement and ordered the pending federal habeas action to be re-opened. (Docket Entry No.56).

In his Answer, respondent maintains that the pending petition is untimely and moves to dismiss it as time-barred.  (Docket Entry No.63).  Alternatively, respondent maintains that all but two of petitioner's claims are unexhausted and procedurally barred and the two exhausted claims lack merit.  (*Id.*).

II.      ONE-YEAR STATUTE OF LIMITATIONS

Because petitioner filed the pending petition in January, 1999, his petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  *See Lindh v. Murphy*, 521 U.S. 320 (1997).  Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C.§2244(d), which provides as follows:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

> (A)     the date on which the judgment became final by the
>         conclusion of direct review or the expiration of the
>         time for seeking such review;
>
> (B)     the date on which the impediment to filing an
>         application created by State action in violation of
>         the Constitution or laws of the United States is
>         removed, if the applicant was prevented from filing
>         by such State action;
>
> (C)     the date on which the constitutional right asserted
>         was initially recognized by the Supreme Court, if
>         the right has been newly recognized by the Supreme
>         Court and made retroactively applicable to cases on
>         collateral review; or
>
> (D)     the date on which the factual predicate of the claim
>         or claims presented could have been discovered
>         through the exercise of due diligence.
>
> (2)     The time during which a properly filed application for State post-
>         conviction or other collateral review with respect to the pertinent
>         judgment or claim is pending shall not be counted toward any
>         period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).  The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date.  *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320).  Because petitioner's petition was filed well after that date, the one-year limitations period applies to his claims.  *Id.* at 198.

Because petitioner seeks federal habeas relief from his conviction, the one-year limitations period runs from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  In this case, the Fourteenth Court of Appeals for the State of Texas affirmed petitioner's conviction on October 12, 1995.  Petitioner did not file a timely PDR.  Thus, under Rule 68.2(a) of the Texas Rules of Appellate Procedure, petitioner's conviction became final for purposes of federal

habeas corpus review thirty days after the day his sentence was imposed, on or about November 12, 1995.  *See* 28 U.S.C. §2244(d)(1)(A).

Because the limitations period found in AEDPA was not enacted until April 24, 1996, the Fifth Circuit has recognized that habeas petitioners whose convictions are final before that date are entitled to reasonable notice of the one-year limitations period.  *United States v. Flores*, 135 F.3d 1000, 1004 (5th Cir. 1998) (discussing a habeas corpus application filed under 28 U.S.C. § 2255).  In that regard, the Fifth Circuit has determined that one year, commencing on April 24, 1996, is a reasonable period.  *Id.* at 1006.  Petitioners challenging state convictions that were final before AEDPA's enactment are entitled to the same notice period.  *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (citing *Flanagan*, 154 F.3d at 201-02).  Therefore, petitioner had until April 24, 1997, to file his federal writ unless he had a state application for a writ of habeas corpus pending.

Before the limitations period expired, petitioner sought an out-of-time PDR via a state habeas application, which the Texas Court of Criminal Appeals granted.  Because the out-of-time PDR was awarded as a result of the state's collateral review process, the AEDPA limitations period was tolled; it was not restarted.  *See Salinas v. Dretke*, 354 F.3d 425, 430 (5th Cir. 2004).  When petitioner filed his state habeas application on June 14, 1996, seeking an out-of-time direct appeal, fifty-one days of the one-year limitations period had elapsed.  The limitations period was statutorily tolled through the pendency of the state habeas application, the out-of-time PDR, and the denial of rehearing on the PDR on October 8, 1997.  *See id.*, n. 6 (explaining had Court of Criminal Appeals left Salinas's state habeas application pending until the day it allowed him to file an out-of-time PDR, the limitations period would have tolled until

the day the Court of Criminal Appeals refused his PDR).  In short, the limitations period was tolled 481 days or until August 18, 1998.

The pendency of petitioner's next two state habeas applications tolled the limitations period for twenty-one days or until September 8, 1998.  A properly filed state writ application tolls the limitations period while the claim or judgment is pending in state court.  *See* 28 U.S.C. § 2244(d)(2); *Villegas v. Johnson*, 184 F.3d 467, 473 (5th Cir. 1999) (finding that Texas procedural rule forbidding courts from considering successive habeas applications allowed for exceptions and was not an a absolute bar to filing).  Petitioner's state habeas application, which was pending from December 9, 1997, until February 11, 1998, tolled the limitations period another sixty-four days or until November 11, 1998.  Petitioner filed the pending federal habeas petition on January 7, 1999, almost two months after limitations expired; therefore, the petition is untimely.

Petitioner's state habeas application filed on December 10, 2004, did not toll the limitations period because it was filed after the limitations period expired.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).  Moreover, to the extent that December 10, 2004, state habeas application provided the Texas Court of Criminal Appeals the opportunity to reconsider petitioner's prior state habeas applications that had been dismissed pursuant to section 4 of article 11.07 of the Code of Criminal Procedure,[4] such

---

[4] On November 14, 1997, after mandate issued on October 30, 1997, the Fourteenth Court of Appeals for the State of Texas received from petitioner a Motion to Appeal and Review Decision.  In such motion, petitioner sought review of the dismissal of his state habeas application numbers WR-31,570-07 and WR-570-08.  The Motion was not filed; therefore, no ruling was entered on the Motion.  *See* Texas Court website.

Petitioner did not allege in the state habeas applications filed before December 10, 2004, that the Texas Court of Criminal Appeals was incorrect in dismissing his state habeas applications as an abuse of the writ.  *See Ex parte Reyes*, Application Nos. WR-31,570-07, WR-31,570-08, WR-31,570-09.   In Application No.WR-31,570-09,

reconsideration also fell outside the limitations period and therefore, did not toll the limitations period. *Lookingbill v. Cockrell*, 293 F.3d 256, 261 (5th Cir. 2002); *Emerson v. Johnson*, 243 F.3d 931, 935 (5th Cir. 2001). *See also Hooks v. Quarterman*, 224 Fed. Appx. 352, 353 (5th Cir. 2007) (holding that filing a motion for reconsideration of a state habeas application within the statutory limitations period tolls the limitations period until the motion or suggestion for reconsideration is resolved). The pending federal habeas petition, filed on January 7, 1999, is clearly time-barred.

Petitioner contends that respondent has unsuccessfully attempted to have the pending petition dismissed as time-barred even though this Court "has already found and ruled that petition is timely and has previously ordered Respondent Quarterman to address the claims of merit." (Docket Entry No.64). Petitioner misstates the record. Respondent has not sought dismissal of the pending habeas action on the ground that such petition is barred by the AEDPA statute of limitations except in the present Answer and this Court has not addressed the issue until now.

Petitioner also contends that he is entitled to equitable tolling of the limitations period with respect to the state habeas applications that the Texas Court of Criminal Appeals reconsidered and denied on October 25, 2005. (*Id.*). As previously discussed, petitioner's state habeas application and the Texas Court's *sua sponte* reconsideration of petitioner's earlier-filed state habeas applications took place after the AEDPA limitations period expired; therefore, such action did not serve to toll the limitations period.

---

petitioner argued that his current claim regarding DNA testing could not be construed an abuse of the writ pursuant to section 4 of article 11.07. *Id.* at 4. In the December 10, 2004, state application, petitioner complained that the Texas Court of Criminal Appeals erred in dismissing his previous state habeas corpus applications as an abuse of the writ under section 4 of article 11.07. *Ex parte Reyes*, Application No.WR-31,570-12, pages 8, 72-75. The Texas Court of Criminal Appeals did not reconsider the disposition of the three habeas applications until October 26, 2005, years after limitations expired, at which time it denied relief.

Equitable tolling is an extraordinary remedy that is only sparingly applied.  *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).  Equitable tolling applies principally where a petitioner is actively misled by the other party about the cause of action or is prevented in some extraordinary way from asserting his rights.  *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).  Assuming that AEDPA allows it, the Supreme Court has observed that a habeas petitioner is not entitled to equitable tolling unless he establishes "(1) that he has been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.  *Lawrence v. Florida*, __U.S.__, 127 S.Ct. 1079, 1085 (2007).  Petitioner does not meet that burden here.  *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (noting that petitioner bears burden of proof to show he is entitled to equitable tolling).  Petitioner proffers no explanation for waiting until January, 1999, to seek federal habeas relief following the dismissal of his fourth state habeas application in February, 1998.  It is well-established that equitable tolling is not available where, as here, the petitioner squanders his federal limitations period.  *See, e.g., Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999).

Petitioner does not allege that he was subject to state action that impeded him from filing his petition.  *See* 28 U.S.C. § 2244(d)(1)(B).  Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously.  *See* 28 U.S.C. § 2244(d)(1)(C), (D).  Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition.  *See Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999).  Accordingly, the Court finds that petitioner is not entitled to equitable

tolling and his federal habeas corpus petition is barred by the AEDPA's one-year limitation period.

III.   CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).   Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).   On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable.  Therefore, a certificate of appealability from this decision will be denied.

IV.   CONCLUSION

11

Accordingly, the Court ORDERS the following:

1.    Respondent's motion to dismiss the petition as time-barred is GRANTED.

2.    Petitioner's petition for writ of habeas corpus is DENIED and this cause of action is DISMISSED, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

3.    A certificate of appealability is DENIED.

4.    All other pending motions, if any, are DENIED.

The Clerk will provide copies to the parties.

SIGNED at Houston, Texas, this 24th day of September, 2008.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE